

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0324-17

## THE STATE OF TEXAS

### v.

## ROGER ANTHONY MARTINEZ, Appellant

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE THIRTEENTH COURT OF APPEALS
## VICTORIA COUNTY

**NEWELL, J., filed a concurring opinion in which KELLER, P.J., HERVEY and RICHARDSON, JJ., joined.**

We initially remanded this case to the trial court because the trial court did not make factual determinations regarding the dispositive issues.[1]  A plurality of the Court also signaled to the trial court that it

---

[1] *State v. Martinez*, No. PD-1337-15, 2016 WL 7234085, at *7 (Tex. Crim. App. Dec. 14, 2016) (plurality op.) (not designated for publication).

could infer probable cause based upon circumstantial evidence.[2]  Yet, in its new findings, the trial court refused to make those inferences.  Now, instead of deferring to the findings we remanded for, we reverse under the doctrine of collective knowledge.  I agree with the holding, and join the Court's opinion.  I write separately to question why we remanded in the first place.

When the Court originally remanded this case, I thought it was inappropriate for the plurality to address the issue of whether probable cause could be based upon the circumstantial evidence before we had obtained dispositive findings.[3]  Now it is clear that addressing the issue was wrong because it was unnecessary.[4]  It is equally clear that our precedent requiring a remand for "necessary" findings provides an incentive for reviewing courts to micro-manage trial courts rather than defer to their findings.[5]  The requirement that trial courts enter findings

---

[2] *Id.* at *8 n.13.

[3] *Id.* at *8 (Newell, J., concurring).

[4] Rather than determine whether the arresting officer was aware of circumstantial evidence supporting a determination of intoxication, the Court's opinion makes clear that it doesn't matter what the arresting officer was aware of.  The collective knowledge of all the officers involved provided specific facts supporting probable cause to believe that Appellant was intoxicated.  Rather than virtue-signal to the trial court how we wanted it to analyze the case on remand, we should have viewed the evidence in a light most favorable to the trial court's ruling and held in the first instance that there was probable cause to arrest based upon the collective knowledge of all the officers involved.

[5] *Id.* at *9 (Newell, J., concurring).

and conclusions upon request is self-inflicted.[6] So is the requirement that a reviewing court remand to the trial court for new findings when the reviewing court determines the existing findings are inadequate.[7] This case is a good example of the trouble that our chosen approach can cause.

We should reconsider our holding in *State v. Elias*.[8] Instead of remanding when a reviewing court determines that existing findings are inadequate, we should remand for "essential" findings only if there was some objection in the trial court regarding the inadequacy of the existing findings. If there wasn't, we should fall back on our standard in *State v. Ross* and simply view the evidence in the light most favorable to the trial court's ruling.[9] We already do that when the parties fail to request findings altogether.[10] I see no reason we shouldn't do so when they fail

---

[6] *State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006).

[7] *State v. Elias*, 339 S.W.3d 667, 676 (Tex. Crim. App. 2011) (holding that the court of appeals was required to remand to the trial court for additional, specific findings of fact to address a dispositive issue not addressed in the existing findings).

[8] *Id.*

[9] *See State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000).

[10] *Cullen*, 195 S.W.3d at 699 (noting that the standard set out in *State v. Ross* controls when the non-prevailing party fails to make a request of findings and conclusions).

to draw the trial court's attention to problems with the findings it enters.[11]

With these thoughts, I join the Court's opinion.

Filed: January 9, 2019

Publish

---

[11] *See Elias*, 339 S.W.3d at 680 (Keller, P.J., concurring) ("There is nothing unfair or unusual about requiring a party to object in a timely manner to what it finds objectionable.").